Filed 5/29/24  P. v. Hernandez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> RICHARD DANIEL HERNANDEZ, <br><br> Defendant and Appellant. | F086983 <br><br> (Super. Ct. No. CF04906535-0) <br><br> **OPINION** |

-ooOoo-

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Hill, P. J., Meehan, J. and Snauffer, J.

## INTRODUCTION

Appellant Richard Daniel Hernandez (appellant) was convicted of two counts of first degree murder with firearm enhancements, and sentenced to two consecutive terms of life in prison without the possibility of parole (LWOP) plus 50 years to life. In 2023, the trial court denied his motion for a youthful offender hearing.

On appeal from denial of the motion, appellate counsel filed a brief that summarized the facts with citations to the record, raised no issues, acknowledged the trial court's order was correct, and asked this court to otherwise independently review the record. (*People v. Delgadillo* (2022) 14 Cal.5th 216; *People v. Wende* (1979) 25 Cal.3d 436.) Appellant did not file a supplemental brief on his own behalf. We affirm.

## PROCEDURAL HISTORY

In 2006, appellant was convicted after a jury trial of counts 1 and 2, first degree murders of America Gonzalez and Baby Boy Gonzalez (Pen. Code,[1] § 187, subd. (a)), with the multiple murder special circumstance (§ 190.2, subd. (a)(3)), and that he personally and intentionally discharged a firearm that proximately caused the victims' deaths (§ 12022.53, subd. (d)).

Appellant was sentenced to LWOP for both counts 1 and 2, plus 50 years to life for the firearm enhancements. On appeal, this court ordered the parole revocation fine stricken and affirmed the judgment as modified. (*People v. Hernandez* (Oct. 23, 2008, F050502) [nonpub. opn.].)

On August 14, 2023, appellant filed, in propria persona, a motion for the trial court to conduct a youthful offender hearing pursuant to section 3051,[2] *People v. Franklin* (2016) 63 Cal.4th 261, and *In re Cook* (2019) 7 Cal.5th 439, and alleged he was 21 years old at the time of his conviction. Appellant's motion acknowledged that inmates

---

[1]     All further statutory citations are to the Penal Code.

[2]     Appellant's motion erroneously stated "section 1203.01."

2

sentenced to LWOP terms were statutorily excluded from receiving *Franklin* hearings, but relied on *People v. Hardin* (2022) 84 Cal.App.5th 273, review granted January 11, 2023, S277487, that held the statutory exclusion was unconstitutional.

On September 18, 2023, the trial court denied appellant's motion and held LWOP inmates were statutorily excluded from receiving *Franklin* hearings and rejected appellant's constitutional argument.

## DISCUSSION

As noted above, appellate counsel filed a *Wende* and *Delgadillo* brief with this court. The brief also includes counsel's declaration that appellant was advised he could file his own brief with this court. This court advised appellant by letter that he could file a supplemental letter or brief raising any arguable issues. Appellant failed to do so.

"California's youth offender parole statute offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age. [Citations.] When it was first enacted in 2013, the statute applied only to individuals who committed their crimes before the age of 18; the purpose of the statute was to align California law with then-recent court decisions identifying Eighth Amendment limitations on life without parole sentences for juvenile offenders. In more recent years, however, the Legislature has expanded the statute to include certain young adult offenders as well. Under the current version of the statute, most persons incarcerated for a crime committed between ages 18 and 25 are entitled to a parole hearing during the 15th, 20th, or 25th year of their incarceration." (*People v. Hardin* (2024) 15 Cal.5th 834, 838 (*Hardin*).)

In *Franklin*, the court interpreted section 3051 to require a youth offender have a "sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing." (*People v. Franklin*, *supra*, 63 Cal.4th at p. 284.) At a *Franklin* hearing, the offender and the People have the opportunity to "put on the record

3

any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors" at the time of the offense. (*Ibid.*) "[A]n offender entitled to a hearing under section[] 3051 … may seek the remedy of a *Franklin* proceeding even though the offender's sentence is otherwise final." (*In re Cook*, *supra*, 7 Cal.5th at p. 451.)

However, "not all youthful offenders are eligible for parole hearings. [Section 3051] excludes, among others, offenders who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18." (*Hardin*, *supra*, 15 Cal.5th at pp. 838–839.)

As noted in appellant's motion, the appellate court in *Hardin* held the exclusion of LWOP inmates from youthful offender hearings was invalid for lack of a rational basis. (*Hardin*, *supra*, 15 Cal.5th at p. 839.) The Supreme Court granted review in *Hardin*, reversed that ruling, and held the statutory exclusion of young adult offenders sentenced to LWOP is not constitutionally invalid under a rational basis standard, either on its face, or as applied to the defendant in that case and other individuals serving LWOP terms for special circumstance murder. (*Hardin*, *supra*, 15 Cal.5th at p. 839.)

"Under California law, special circumstance murder is a uniquely serious offense, punishable only by death or life without possibility of parole. When it was considering whether to expand the youth offender parole system to include not only juvenile offenders but also certain young adults, the Legislature could rationally balance the seriousness of the offender's crimes against the capacity of all young adults for growth, and determine that young adults who have committed certain very serious crimes should remain ineligible for release from prison. [The defendant] has not demonstrated that the Legislature acted irrationally in declining to grant the possibility of parole to young adult offenders convicted of special circumstance murder, even as it has granted youth offender

hearings to young adults convicted of other offenses." (*Hardin*, *supra*, 15 Cal.5th at p. 839.)

Appellate counsel's brief concedes this issue has been settled by *Hardin*, and appellant did not file a supplemental brief. After independent review of the record, we find no reasonably arguable factual or legal issues exist.

## **<u>DISPOSITION</u>**

The trial court's order of September 18, 2023, denying appellant's motion for a youthful offender hearing, is affirmed.